

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. Predecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. 0-5328-A
Re: Supplement to Opinion No.
0-5328, regarding expenses
of the county commissioner
of precinct No. 2, Galveston
County.

   Your letter of June 10, 1943, requesting the opinion of this department on the above stated matter, reads in part as follows:

   ". . . .

   "In the 4th paragraph of my letter asking for this opinion I stated: 'In Galveston County, the Commissioner representing Prec. #2 is entirely within the city limits of Galveston and there are no roads in this Precinct. The Seawall built by Galveston County and the Boulevard, which is used as a driveway, is part of the protective work and is partially within the limits of Precinct #2.'

   "The tax levy for the construction and maintenance of the Seawall is derived from the Permanent Improvement Fund. From the time this protective work was constructed, levies have been made annually for construction and maintenance. As stated, the driveway or Boulevard is part of the protective work and all extensions and maintenance expenditures are paid from the tax levies mentioned.

   "I kindly ask that you advise me further, in view of the fact that there are no roads in Precinct #2, as to whether the Commissioner from this Precinct

Honorable I. Predecki, page 2

is also entitled to the claim as stated in the Opinion, to be paid for automobile expenses while on official duties from the Road & Bridge Fund, or is he legally entitled to automobile expenses while on official duties to be paid out of the Permanent Improvement Fund.

"    . . .."

This department held, among other things, in Opinion No. 0-5328, that Senate Bill No. 286, Acts of the 48th Legislature, Regular Session, 1943, was constitutional.

Said Senate Bill No. 286 reads in part as follows:

"Section 2 (a).  The County Commissioners shall make an inspection of the public roads, highways, and other appurtenances pertaining thereto within their respective precincts and within their jurisdiction during or immediately after the occurrence of any storm, flood or high tide, the occurrence of which would probably damage or obstruct said public roads, highways and appurtenances.  If such inspection reveals that said roads, highways and appurtenances have been damaged or obstructed in any County Commissioners precinct, it shall be the duty of said Commissioner to close said road, highway or appurtenance or to install adequate facilities and/or warning signs at or near the scene of said damage or obstruction, sufficient to warn the public thereof, and to proceed as soon as is possible thereafter to have such damage repaired and obstruction removed therefrom.

"    . . ..

"Section 2 (b).  The County Commissioners of Galveston County, Texas, are each hereby allowed actual traveling expenses not to exceed the sum of Fifty ($50.00) Dollars per month for the use of their private automobiles, provided however that such traveling expenses shall be allowed only when incurred by the County Commissioners in the performance of their duties pertaining to the maintenance of the public roads and highways of said county.  Each county commissioner incurring such expense shall file a claim

Honorable I. Predecki, page 3

with the Commissioners Court, and, if said claim is
in order, same shall be approved, allowed and order-
ed paid by said court as a claim against the county.
Said claim shall be paid out of the road and bridge
fund of said county in the same manner as provided
by law for the payment of other claims from said
fund."

You state in effect that commissioners' precinct No.
2 is entirely within the city limits of Galveston and there
are no roads in this precinct. However, you state further:

"The Seawall built by Galveston County and the
Boulevard, which is used as a driveway, is part of
the protective work and is partially within the limits
of Precinct No. 2."

If there are no roads, highways or appurtenances pertaining there-
to within precinct No. 2 under the jurisdiction of the county com-
missioner of said precinct then there is no duty imposed upon him
by said Senate Bill No. 286, supra, to perform any of the duties
mentioned therein. If he, in fact, performs none of the duties
required by said Act, then he would not be entitled to any travel-
ing expenses authorized and allowed by said bill. However, on
the other hand, if the part of the boulevard which is used as a
driveway is under his jurisdiction and it is his duty to maintain
the same and perform the duties required by said Senate Bill No.
286, then he would be entitled to the traveling expenses incurred
by him not exceeding $50.00 per month in the same manner as the
other county commissioners of the county.

If the county commissioner of precinct No. 2 legally
incurs traveling expense for the use of his private automobile
under Senate Bill No. 286, supra, the same must be paid from the
road and bridge fund as authorized by said Senate Bill No. 286.
Such traveling expenses could not be paid from the permanent
improvement fund. (See the case of Williams v. Carroll, 182
S. W. 29; Carroll v. Williams, 202 S. W. 504)

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED JUN 25, 1942

_[signature]_
FIRST ASSISTANT
ATTORNEY GENERAL

AW:db

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN